IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **CHARRO BORING, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:19-CV-0653-KPJ |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Philadelphia Indemnity Insurance Company's ("Defendant") Traditional Motion for Summary Judgment (the "Motion") (Dkt. 18). Charro Boring, Inc. ("Plaintiff") filed a response (Dkt. 24) and Defendant filed a reply (Dkt. 27). The Court held a hearing on the Motion on July 13, 2020 (the "Hearing") (Dkt. 29), and permitted supplemental briefing from the parties after the Hearing. *See* Dkts. 30, 31.

Upon review of the Motion, underlying briefing, relevant case law, and oral argument, the Motion is **GRANTED**.

### I. BACKGROUND

This matter arises out of a public project known as the South Maxwell Creek Parallel Trunk Sewer in Murphy, Texas (the "Project"). *See* Dkt. 24-7 at 2. Plaintiff is a boring excavation subcontractor that entered into a Work Order to Blanket Subcontract Agreement with PC Contractors, LLC ("PC Contractors") (the "Contract"). *See* Dkt. 5 at 1–2. Pursuant to the Contract, Plaintiff was "to supply casing, excavate bore pits, provide shoring, provide traffic control, backfill pits & install sewer line" on the Project. *See id.* at 2. Defendant issued a payment bond in

connection with the Project, naming PC Contractors as principal and the City of Murphy, Texas as obligee. *See* Dkt. 18 at 3.

Plaintiff contends it began work on the Project and submitted invoices to PC Contractors. *See* Dkt. 5 at 2. After PC Contractors failed to pay on the invoices, Plaintiff stopped work on the Project. *See id*. On April 14, 2017, Plaintiff sent notice to Defendant claiming it had not been paid on its invoices, and subsequently sent additional proof requested by Defendant. *See id.* at 3; Dkt. 18 at 3. On November 13, 2017, Plaintiff filed a Demand for Arbitration with the American Arbitration Association ("AAA"), joining PC Contractors and Defendant as respondents (the "Arbitration"). *See* Dkt. 24-3 at 2. On November 30, 2017, PC Contractors and Defendant jointly filed an answer, and on December 4, 2017, PC Contractors and Defendant jointly filed an amended answer, wherein both PC Contractors and Defendant generally denied Plaintiff's demand for arbitration. *See* Dkt. 24-4 at 2; Dkt. 24-5 at 2.

In emails between the parties in June of 2018, Defendant's counsel reiterated Defendant's position to Plaintiff's counsel that Defendant was not a proper party to the Arbitration. *See* Dkt. 31-1. On July 18, 2018, Defendant participated in an Agreed Joint Motion for Continuance (the "Agreed Motion"). *See* Dkt. 24 at 3; Dkt. 24-6. In preparing correspondence to the arbitrator regarding the Agreed Motion, Defendant's counsel specifically communicated to Plaintiff's counsel his position that by making an appearance[1] and filing the Agreed Motion, he was not waiving Defendant's position that Defendant was not a proper party to the Arbitration. *See* Dkt. 31-1 at 4.

On December 19, 2018, Defendant filed a motion to dismiss itself from the Arbitration. *See* Dkt. 24-7 at 2. Although Plaintiff did not agree to the motion to dismiss, it did not file a

---

[1] Prior to Defendant's counsel's appearance in the Arbitration, Defendant was jointly represented by PC Contractor's counsel.

response in opposition. *See* Dkt. 31 at 2. The arbitrator ultimately found that the parties (Plaintiff, Defendant, and PC Contractors) agreed to the voluntary dismissal of Defendant, without prejudice, of Defendant. *See* Dkt. 31-3.

On January 7, 2019, Plaintiff brought suit against Defendant in the 219th District Court, Collin County, Texas. *See* Dkt. 18 at 3. On January 24, 2019, Plaintiff received an arbitration award against PC Contractors of $72,555.00, plus pre-award interest and $18,000.00, in stipulated attorneys' fees. *See* Dkt. 24-8. On March 8, 2019, Plaintiff filed a First Amended Petition and Application to Confirm Arbitrator's Award (the "Petition") (Dkt. 5), seeking to enforce the arbitration award against the payment bond issued by Defendant on behalf of PC Contractors. *See* Dkt. 18-1. Defendant removed the case to this Court on September 10, 2019. *See* Dkt. 1. Defendant filed the Motion on March 5, 2020, contending the statute of limitations has expired for Plaintiff to collect on its payment bond claim. *See* Dkt. 18.

## II. LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the non-movant "may not rest upon mere allegations contained in the pleadings but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Evans v. Texas Dep't of Transp.*, 547 F. Supp. 2d 626, 636 (E.D. Tex. 2007), *aff'd*, 273 F. App'x 391 (5th Cir. 2008) (citing *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–23.

### III.   ANALYSIS

Defendant argues it is entitled to summary judgment and dismissal because Plaintiff failed to bring suit on the payment bond Defendant issued on behalf of PC Contractors within the statute of limitations. A suit on a payment bond issued for the benefit of a governmental entity must be brought before the first anniversary of the date the notice for a claim is mailed. *See* TEX. GOV'T CODE § 2253.078(b). Plaintiff mailed its notice of a claim to Defendant on April 14, 2017. *See* Dk. 18-5. Hence, the statute of limitations for Plaintiff to bring a suit on the payment bond was April 14, 2018. Plaintiff concedes it brought suit after the statute of limitations had expired; however, it argues that Defendant should be estopped from asserting a limitations defense or the statute of limitations should be tolled. *See* Dkt. 24 at 1–2.

Plaintiff argues that Defendant should be estopped from asserting a limitations defense based on Defendant's "affirmative conduct" in the Arbitration. *See* Dkt. 24 at 4–5. A party asserting estoppel must prove: "(1) a promise, (2) that the promisor should have expected would lead the promisee to some definite and substantial injury, (3) that such injury occurred, and (4) that injustice may be remedied only be enforcing the promise." *Hartford Fire Ins. Co. v. City of Mont Belvieu, Tex.*, 611 F.3d 289, 295 (5th Cir. 2010). Promissory estoppel is a "limited exception" to the general rule that "the plaintiff has the full statutory period within which to bring suit. Consequently, delay in bringing suit ordinarily does not operate as an estoppel." *Id.* at 295 (citing *Phillips v. Sharpstown Gen Hosp.*, 664 S.W.2d 162, 168 (Tex. App.—Houston 1983, no writ) (quoting 37 TEX.JUR.2d, *Limitations of Actions*, § 155)). "This exception, as applied to the timeliness of a claim, therefore encompasses a narrow range of promises and promissory conduct." *Id.* To suffice, a defendant's conduct or words "must amount to an affirmative inducement to delay bringing the action." *Id*. (internal citations omitted); *see also Rendon v. Roman Catholic Diocese*

*of Amarillo,* 60 S.W.3d 389, 392 (Tex.App.—Amarillo 2001, writ denied) (finding that the defendant's agent's representations "that no legal action . . . would be necessary" and that he "would take action to take care of the matter" were not promises that "comprised inducement to delay initiation of a civil suit"); *Dobbs v. Russell*, 347 S.W.2d 796, 797 (Tex.Civ.App.—Fort Worth 1961) (estoppel applicable only to "promises or assurances that [the defendant] will not take advantage of a statute of limitations"), *aff'd Russell v. Dobbs*, 354 S.W.2d 373 (Tex. 1962). Exchanging information between potential litigants and/or negotiations to settle a claim does not constitute a promise to waive limitations. *See Hartford*, 611 F.3d at 296; *see also Phillips*, 664 S.W.2d at 168 ("The mere exchange of information between potential litigants should not suspend the running of the applicable limitation statute or estop a litigant from asserting it as a defense.").

Plaintiff argues the Court should consider Defendant's participation in the Arbitration as an "affirmative inducement." That is, even though Defendant never conceded it was subject to arbitration, Plaintiff argues Defendant's largely passive participation in the Arbitration led Plaintiff to reasonably believe that Defendant was committed to resolving the dispute in the Arbitration. *See* Dkt. 30 at 2. Specifically, Plaintiff cites a request made by PC Contractors on March 15, 2018, before limitations expired, to continue the Arbitration's final hearing date so that Defendant's representative could be in attendance. *See* Dkt. 30-1.

It is undisputed that Defendant made no affirmative statement that it would participate to the end of the Arbitration or that it would waive the statute of limitations. To the contrary, Defendant denied the demand for arbitration in both its answer and amended answer filed in the Arbitration, *see* Dkt. 24-4 at 2; Dkt. 24-5 at 2, and Defendant's counsel reiterated its position to Plaintiff's counsel in email communications that Defendant was not a proper party to the Arbitration. *See* Dkt. 31-1 at 4.

Plaintiff further argues the statute of limitations should be equitably tolled. "The doctrine of equitable tolling 'preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable.'" *Fonseca v. USG Ins. Servs. Inc.*, 467 F. App'x 260, 261 (5th Cir. 2012) (citing *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). It principally applies when "a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex.App.—Dallas 2005, no pet.).

As previously discussed, despite Defendant's passive participation in the Arbitration, Defendant never consented to the Arbitration and expressed on multiple occasions, both in filings and in correspondence, its position that Defendant was not a proper party to the Arbitration. *See, e.g.,* Dkt. 24-4 at 2; Dkt. 24-5 at 2; and Dkt. 31-1 at 4. Thus, rather than making a promise that tricked Plaintiff or otherwise induced Plaintiff into inaction, Defendant maintained its position throughout the Arbitration that it was not a proper party.

Notably, the Fifth Circuit has held that the filing of an arbitration demand does not toll the statute of limitations. *Fonseca*, 467 F. App'x at 261 ("Fonseca could have (and should have) filed her suit within the statute of limitations and, thereafter, sought a stay of the action pending arbitration."). To the extent Plaintiff alleges that moderate participation toward a possible resolution in the Arbitration could be considered active inducement, the Fifth Circuit has ruled that negotiations to settle a claim are not promissory conduct that can establish estoppel. *See infra* at 6 (citing *Hartford*, 611 F.3d at 296).

The Court has not identified a single case wherein conduct similar to Defendant's amounted to a promise, an inducement, or a trick. At the Hearing, Plaintiff's counsel conceded that he believes this issue to be one of first impression. In other words, neither Plaintiff nor the

Court has identified any similar conduct by which a court has found that a defendant should be estopped from asserting the statute of limitations or that the statute of limitations should be tolled.

For the reasons set forth above, the Court finds there is no basis on which to find that Defendant's actions amounted to a promise, an inducement, or a trick. Accordingly, it is permissible for Defendant to assert a statute of limitations defense, and the limitations period should not be tolled.

## IV. CONCLUSION

For the foregoing reasons, Philadelphia Indemnity Insurance Company's Traditional Motion for Summary Judgment (Dkt. 18) is hereby **GRANTED**.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that this entire action, and all of the claims asserted therein, be **DISMISSED WITH PREJUDICE**. Each party shall bear its own costs.

All relief not previously granted is hereby **DENIED**, and the Clerk is directed to **CLOSE** this civil action.

**So ORDERED and SIGNED this 27th day of July, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE